Good morning, Your Honors. May it please the Court, I'm Zachary Nightingale for Petitioner Preston Migiya, with me is Co-Counsel Avantika Shastri and Mark Vanderhaup. The sole issue here is has the government proven the petitioner is not a U.S. citizen by clear, convincing, and unequivocal evidence? That is the standard that the statute lays out, and that this Court has clearly endorsed in Murphy the most closely precedential case. The government has acknowledged that their case boils down to the document I-213. Normally, that's a summary of an interview with the individual by an officer. That's not what it is here. Here, the I-213 is just a summary of an investigation. We have disputed the elements of the I-213 as multiple hearsay, but putting that issue aside as secondary, even were we, for the sake of argument, to accept that the information in that I-213 is true, that doesn't make a case. All that the government has is that petitioner used a British passport to obtain documents, namely a Social Security card, a driver's license, and a bank account, and that somebody, apparently named Hudson, used that passport to enter the United States previously. There is no evidence to tie the petitioner to the use of that passport to enter the United States. There is no evidence of converse. Kennedy, of the fact that kind of a hard series of facts to follow, that he was abandoned by his mother, he never went to school, was raised by his grandmother, but never was homeschooled by the Bible, and that he later was transferred to his uncle, but his uncle cannot be found. How about all of that as to whether he was really ever a citizen of the United States? Right. Well, the problem is the court and the BIA improperly transferred the burden to him. The burden remains on the government. It's up to the government to prove he's not a citizen. And all the evidence to prove that he's an alien, which means a noncitizen or national. And I think you're being a little chintzy with the government evidence. Besides the Form I-213, my notes indicate that this gentleman executed two, not one, but two Social Security applications showing his place of birth to be London, England. Is that correct? Well, that was using that British passport. Well, let's take evidence little by little. One, he gets a British passport. He convinced somebody he was British. In other words, Britain. Not necessarily. The testimony is he bought it on the street. All right. So he bought it. So he has a false British passport, which he then adopts and says, I am using this to show to get government benefits. Social Security benefits on two occasions, saying that he is born in London. Then he gets a California driver's license in a name close to what he's using now. And he admits that he used his U.K. passport to get the California driver's license, not any birth certificate or other document that would show that he's an American. Right. Then the INS has a fingerprint which shows that the petitioner is a named person in the U.K. passport. Now, right. Why is that not as opposed to the gentleman's statement that he was born in the United States? If he probably doesn't have any recollection of where he was born, but that's admission. That's an exception to the hearsay rule. How can you say that the evidence that the government has presented is not pretty clear that he has held himself out and, on more than one occasion, as a British subject? The purpose. In his testimony, yes, he acknowledges having done those things. But for what purpose? Because he lacked any other identification document. It didn't matter to him what place of birth or what exact birth date he used because he obtained the British passport to obtain some ability to have an identity document. And that is all he used the passport for, for the exact things that the court just mentioned, the Social Security card, the driver's license, and actually a bank account, too. But not because there was some benefit to him that he was born in London. That matched the document that he was able to obtain as he testified on the street. Not that he had it from the British consulate and not that it mattered that it was British, per se. So the government's evidence that, yes, he used a British passport to obtain those documents doesn't tie him to birth abroad. It doesn't tie him to a foreign birth. That's the question. He ties himself to a foreign birth by saying I was born in London, England, on two occasions to get government benefits. But he also explains. You agree with that? He doesn't say I was born in California. I have a phony passport. I'm trying to get benefits. Can I use this passport, right? Well, no, because he testified. He said I was born in London, England, on two occasions to get United States government benefits. True or false? To get a benefit, not an immigration-related benefit. But to get money, correct, out of the federal government, he says I was born in England on two occasions. Not money, to get a document. Is that true or false? To get a document, not financial benefit, but to get the ability to have a bank account and have some I.D. to enroll in school. That was his motivation. To get a Social Security card. Correct. Right. But it didn't matter where he was born to obtain that, only that he had an identity. He might have just blurted out the truth, right? Well, he testified. He tried to get a passport, but with no evidence of birth in the United States up to that point, he couldn't. Why did he pick England? Why did he pick a British passport? Oh, he didn't pick it. He testified. He just bought it. Bought it on the street. And that's the one that he was able to get. It wasn't that he sought out a foreign identity. It wasn't he sought out a British identity. It's that he sought out an identity that's the one he ended up with. And that is acknowledged. But what that never ties, the government never ties him to actual birth abroad. They even went to the British authorities with every single name they had in their records. And the British authorities never confirmed it. The government said he was born in the United States. Well, he did obtain two delayed California birth certificates. But he doesn't ‑‑ Was it fraudulent? No proof it was fraudulent. No. That's very important. They were sealed only based on the same immigration investigation, the same evidence that immigration came up with in court. It's not like they showed that to California and then California decided to seal them. But nobody determined fraud on that. So you have someone who has no or extremely limited ability to prove his own identity, just like Mr. Murphy in the Murphy case. They don't have to prove they're U.S. citizens. The government has to prove they're not. My initial question, the only thing he has is that late‑dated birth certificate. And the testimony of what he knew growing up. His own testimony. His own testimony. Right. No other evidence of anyone who ever indicated that they had been around him, gone to school with him, done anything. I would like to reserve a ‑‑ I would like to reserve a little of my time, but I will answer that, which is he doesn't have any more than Mr. Murphy did in the Murphy case in the exact same situation. But that can't be held against him when the burden is on the government. I would like to reserve my remaining time. Why don't you save a little time and we'll hear from the government and then we'll hear again from you. Thank you. Good morning. May it please the Court. Jocelyn Wright on behalf of Respondent to the United States Attorney General. Thank you. Apparently, the parties agree that there is no genuine issue of material fact that requires a de novo hearing or a transfer of this matter to the district court for de novo hearings. So I'll go straight to Petitioner's argument before the Court, which is that the government did not meet its burden of proof. The issue, as far as I understand it, they rely mainly on Murphy. But Murphy is distinguishable from this fact, from this case, in many material respects. First of all, in Murphy there was an unauthenticated I-213 and an unauthenticated, pardon me, statement by an agent who was not present for cross-examination. In this case, not only did we have one agent testify as to the preparation of the I-213 and the addendum, we had both agents come in, testify, and they were subject to lengthy, direct, and cross-examination by both parties for over hearings that lasted over three days. There's no dispute that the I-213 itself was certified as an authenticated record from the A file of the Petitioner, and so that is not an issue here. The BIA in Murphy agreed that the I-213 merited little weight because Murphy contested critical statements in it, and Murphy was not the source of the information, but rather an anonymous informant. And I'm not getting your points. I'm sorry. Your Honor. Apparently there was, the informant in Murphy was an anonymous informant from someone off the streets. But in this case, the I-213 wasn't, the information on it didn't come from anyone anonymous. A lot of the information came from a personal interview by Agent Smirnoff of Mr. Magee at the sentencing, at the criminal sentencing when he first encountered him, and that was the initial preparation of the I-213. Based on that interview, Agent Smirnoff then went and looked at the police records, the criminal investigation, and based on, and it was involving forgery and bad checks, passing bad checks. Based on the information contained in the criminal investigation reports, he was able to begin his investigation of Mr. Magee's alienage and nationality using. May I interrupt you for a second? Aren't we limited in this case to reviewing the record and seeing whether there's a triable issue of fact as to whether Mr. Magee is indeed an American citizen and then remanding it to the district court under 1252B to have a hearing? Yes and no, Your Honor. I think that's a threshold issue, is to decide whether or not there is a genuine issue of material fact with respect to Mr. Magee's nationality or alienage. And if the court decides that there isn't, then it can go ahead and decide that issue based on the record that exists before it now. Right. So the first question is, do you have a position as to whether a triable issue of fact within the meaning of 1252 exists so that we should remand, not remand, but transfer this case to the district court for disposition? The government believes that there is no genuine issue of material fact that requires it in overhearing. Material fact as to whether he was born in America, created by the admissible testimony of Mr. Magee, who says, I was born in the United States. That's admissible testimony under 804 of the Federal Rules of Evidence. Why doesn't that create a triable issue of fact? It isn't sufficient because that, the genuine issue of material fact inquiry under the Supreme Court's decision in Augusto is governed by Rule 56 summary judgment standards. Right. And let me explain just a little bit. It's not a perfect analogy, because in this case, the nonmovement, the movement would be the government saying there is no genuine issue, the court should decide it. The nonmovement would be Petitioner, because he would be the person at trial who would bear the burden of proving that he is a U.S. citizen, since a transferred case to the district court would be a declaratory action judgment, and it's a civil case where the plaintiff seeking the declaration would bear the proof by preponderance of the evidence. Given that, under Rule 56 in Augusto and, of course, the Supreme Court's decision in Celotex Corporation, the moving party, the government in this case, can meet its requirements. And in this case, Petitioner does not oppose summary judgment. He doesn't want the case transferred to district court. But assuming that he did, that he did want a tribal, a trial, a de novo trial before the district court, he is required under Rule 56 to come forward with a summary   It's not a summary judgment. He is required to come forward with more than just his own testimony. Why? I'm looking at Rule 56C of the Federal Rules of Civil Procedure, Your Honor. I'm sorry, 56E. 56E says the opposing party can't rest merely on allegations and denials and pleadings. Allegations. Allegations of his complaint. An allegation is not allowed. But a declaration, if it's an intersection accident and the plaintiff says the light was green, and wouldn't that create a tribal issue of fact? He says I was born in the United States. It may. But again, this is not a Rule 12 motion to dismiss where the non-movement evidence is presumed to be true. There is no presumption of credibility. No, but he creates a tribal issue of fact. If his declaration that he was born in the United States is admissible under the rules of evidence, right, then by him saying I was born in the United States, doesn't that create an issue of fact? Only if the reasonable inference is raised by that. And I believe that in the summary judgment context, the non-movement, the evidence is read and so that all reasonable inferences are read in favor of the non-moving party, but there's no presumption of credibility. And our position is in this case, given that his only evidence is his testimony and that that testimony is. We can't determine issues of credibility on summary judgment. That's not true. I understand that, Your Honor. But I do want to point out that Augusto, in Augusto, the Supreme Court specifically said, and I'm quoting here, We need not decide whether Petitioner's testimony standing alone is so inherently incredible in light of its internal inconsistencies as to justify denial of a de novo judicial review of the citizenship claim. So it seems to me that the Supreme Court, even in Augusto, given the many permutations of the Petitioner's case, Petitioner's story in that case, even in that case, the Supreme Court said we're going to leave that question open, because under Rule 56, it's only reasonable inferences that need to be read in favor of the non-moving party. And so if the evidence, excuse me, the testimony in this case is so inherently  I was born in this country. It's a direct statement. It is a direct statement. It doesn't infer anything. But it's a bald assertion that's un – that is not corroborated. It's a declaration under penalty of perjury. But it isn't corroborated by any other objective evidence. There is a rule in Rule 56 that the non-moving party must corroborate the declaration which establishes sufficient evidence upon which to find that he was born here. Again, we're relying on Rule 56E. You know what you'd be better off doing? He can say things that at summary judgment a court is at liberty to find so implausible as not to raise a genuine issue of material fact. Yes, Your Honor. So instead of citing rules to us, tell us what other evidence in the record makes his statement, I was born in the United States, so implausible that the district judge can put it to one side. So what other evidence is there in the record that says this simply cannot be true? Because his testimony – his story, as Judge Hugg reiterated earlier during opposing counsel's presentation, is rife with implausibilities. It's almost unthinkable that he asserts he was born in 1963, yet between 1963 and 1963, he was born in the United States. And it can't be true that it can't be the case that he had no recordable transactions or interactions with the outside world during those 22 to 23 years. He admitted that he lived in an apartment or in various houses or addresses in Los Angeles where he now lives, so it seems to me that he could very well try and track down his old address and his old neighbors and see who was living there, who remembered him. He apparently said that he tried to get records from school of his elementary school attendance. He has not been successful. I thought he said he was homeschooled until he was 14. He did, but then he also said later on that he did try to get – his uncle told him that he attended first grade somewhere very briefly, and so he was trying or making efforts to get that document as well, but wasn't able to do so. And the record in this case in these proceedings has spanned over 20 years. At no time in those 20 years has he ever come forward with any evidence that he has diligently tried to prove his allegations. He could file a motion to reopen at any time before the court, excuse me, before the Board of Immigration Appeals saying I have new evidence that wasn't available before to prove that I am a citizen of the United States. Hasn't happened. Not in 20 years. And the case has been back and forth from the – it's been before the immigration judge three times, the board three times, and now before this Court. You know, the thing that bothers me in the government being able to carry its burden of proof is the standard that it has to be unequivocal evidence. Is it unequivocal? Your Honor, that is the standard below. But on review in this Court, it's whether the record compels the conclusion that the board and the immigration judge were wrong. Because the court doesn't stand and review whether or not the government met its burden just like in a criminal case where they don't stand and reweigh the evidence to see if the conviction is appropriate. It's whether the substantial evidence supports the conclusion reached by the board and the immigration judge in this case. And I see that my time is almost up.  It's over. You're in deficit. I'm over. I understand. But if the bench has any further questions, any more questions? We ask the petition for review be denied. Thank you. Thank you. Thank you, Your Honors. On that last point, this Court does have to look at whether the evidence was unequivocal. Yeah, you know, I don't get where we are here. If you were to say the evidence here is not sufficient to allow sort of a clean conclusion that he is not a citizen and you request going to the district court, I understand that. But you don't want that. Well, the only reason you want us to hold that he's a citizen basically is because based on this lousy evidence you got? All we want is for this Court to say the government did not meet its burden. They cannot proceed. They already admitted they couldn't do a criminal prosecution. They declined that because they couldn't meet that burden on the same evidence. Well, let me ask you again. You want us to hold, based on the evidence in this record, that he's a citizen. Is that correct? No. We want the Court to find that the evidence the government has not met its burden to prove he's not a citizen and the case has to be terminated. That is all we're asking the Court to do. The reason why we said don't go back, don't go to a district court is because the same evidence is going to come. He's 19 years, he's been litigating this, and it's the same evidence. The government asked 20 years ago for the British to confirm he's a citizen. They never have. So what's to be gained by going to district court except more expensive litigation for him? What's to be gained by going to the district court is we follow the statute. I mean, the statute says if someone has a serious question of whether or not he's a citizen, the district judge decides it's a no vote. It doesn't say that we do. In Murphy, that was presented. In Murphy, this Court said government didn't meet its burden. That's the end of the story. We don't have to transfer when the government didn't meet its burden. That's the first question. It's actually jurisdictional.  And there's no jurisdiction over him by the immigration courts. That's the end of the matter. It's different than making the affirmative application. Sorry. The government attorney says that what we're really looking at is a decision of the decision below as to whether that was reasonably made that it was unequivocal, not that we are here reconstituting that and determining ourselves whether it's unequivocal. Well, except that that can't be right, because this Court does have to review the evidence the government presented and determine whether or not the first legislation was clear, convincing, and unequivocal. Well, determine whether the determination that there was clear, convincing, and unequivocal is supported by the evidence. And like in Murphy, the government wants to put the burden on him to say why hasn't he done anything. But Murphy concludes the burden remains with the government. So is the evidence clear, convincing, and unequivocal? It can't be on what the government has presented. That's what we ask the Court to find. Now, if the Court thinks that there is a material fact and they have to remand, the Court has to remand. We just think it will be. By remand, do you mean transfer to the district court? I'm sorry, transfer. But we just think nothing is to be gained of that, and the whole purpose of that is to allow to be. At that, because you would put your client on the stand, cross-examine him, find out about where he lived, why he hasn't produced evidence of any records of any kind that he really was here in Richmond during that time. And there's an awful lot that could be done with a trial, and that's why you don't really want it, I think, is that there's a lot of evidence that could be produced as to why he is or is not, under a different burden, a citizen of the United States. One would think that, but that exact process is what the immigration judge allowed to happen below. The provision exists when there is no hearing to allow all the evidence to be presented, but all those questions were on the table in front of the immigration judge. The records developed on that. Do you – are you authorized to do so? Do you unequivocally waive your right to a transfer to the district court to determine whether this man's a citizen? Well, no. If the court's so inclined, we will obviously do that. Nineteen years of litigation has been a certain toll on my client, so that's – What's the 19 years of litigation? I don't understand. The order to show cause against him was issued in 1988. That's when this case started. Government has – they're burdened up until now. There's no suggestion they'd come up with new evidence. How many hearings have there been? Well, it went to the Board of Immigration Appeals, it went back down, then there was a whole new hearing, then it went to the Board, then they screwed up and it went back down, and then a new decision, and now it's gone up on appeal again. It's been quite the process. Thank you. In essence, there were, if I understand, two hearings, actual hearings. There was an initial hearing where the judge ruled in his favor, and there's a subsequent hearing where the judge allowed all the possible evidence that the government could come up with to come in. And that's where they still couldn't meet their burden. So that's why we think nothing's to be gained by having another hearing just to repeat that. And that was in 1988, which was the same year after the case had started. So if they were going to have something, they would have had it by then. So if we send it to the district court, would you like us to give a hint to the district court that maybe the district court should move forward rapidly? Or would you like the district court to take its time? Well, if it goes to district court, we want to have every opportunity to present our case. Oh. That's in between both questions. Okay. Thank you. The case of McGeough v. Gonzalez is now submitted for decision.
judges: Hug, W. Fletcher, Bea